IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY KLAUS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV0177 AGF |
| | ) | |
| AL LUEBBERS, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court[1] on the pro se petition of Missouri state prisoner Timothy Klaus for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty to one count of domestic assault in the third degree, for which he was sentenced to one year in prison, and one count of child molestation in the first degree, for which he was sentenced to twelve years in prison, with sentences to run concurrently. The case involved the assault of Petitioner's wife, and the molestation of her 11-year old daughter.

Petitioner raises one ground for habeas relief -- that his plea was unknowing and unintelligent because neither the plea court nor plea counsel informed him that a conviction of first-degree child molestation could result in involuntary, indefinite civil commitment under Missouri's Sexually Violent Predator Act ("SVPA") at the conclusion

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

1

of his prison sentence.[2] Respondent argues that habeas relief should be denied because the petition is untimely, and alternatively, because the state appellate court's adjudication of this claim was not an objectively unreasonable application of clearly established United States Supreme Court precedent. Rather than resolve the statute of limitations issue, the Court will address the merits of Petitioner's claim, which are straightforward and require that federal habeas relief be denied. See Trussel v. Bowersox, 447 F.3d 588, 590-91 (8th Cir. 2006) (noting that in the interest of judicial economy, a federal habeas court may proceed to the merits of the petition, rather than address the statute of limitations.)

## **BACKGROUND**

At his plea hearing, the court confirmed that Petitioner understood that he was facing a range of punishment on the assault charge of up to one year in jail and/or up to a $1,000 fine; and up to 15 years on the molestation charge. The court also confirmed that Petitioner understood the rights he was relinquishing by pleading guilty. (Resp. Ex. 1 at 10-11.) Following his sentencing on March 18, 2002, Petitioner sought state postconviction relief, raising among other claims, the claim he now advances for federal habeas relief. The motion court denied relief, concluding that a criminal defendant pleading guilty to a sex offense need not be told about the possible future application of Missouri's SVPA, as such application would be a collateral consequence of the

---

[2] This Act provides that the Missouri Attorney General may initiate civil proceedings for the indefinite civil commitment of a sex offender upon the offender's release from prison. The offender must be found to be suffering from a "mental abnormality" to be subject to commitment. Mo. Rev. Stat. §§ 632.480-632.513.

conviction. (Resp. Ex. 7 at 60-63.) The Missouri Court of Appeals affirmed the denial of postconviction relief on the same basis, noting that whether Petitioner would be civilly committed at the end of his prison sentence was only a possibility and not an event that would necessarily or surely occur. (Resp. Ex. 10).

## DISCUSSION

**Standard of Review**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a claim has been adjudicated on the merits in state court, an application for a writ of habeas corpus cannot be granted unless the state court's adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413 (2000). A case cannot be overturned merely because it incorrectly applies federal law; the application must also be objectively unreasonable. Wright v. Van Patten, 128 S. Ct. 743, 747-48 (2008) (per curiam).

Supreme Court precedent establishes that a guilty plea, which waives a criminal defendant's right to a trial, "not only must be voluntary," but must be a knowing,

3

intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970); see also North Carolina v. Alford, 400 U.S. 25, 31 (1970) (guilty plea that is not "voluntary and knowing" violates due process). In this context, however, courts have a duty to advise a defendant pleading guilty of only the direct consequences of a guilty plea. Brady, 397 U.S. at 755; George v. Black, 732 F.2d 108, 110 (8th Cir. 1984). Courts do not have a duty to disclose to the defendant all indirect or collateral consequences that may arise from a guilty plea. United States v. Lambros, 544 F.2d 962, 966 (8th Cir. 1976). The distinction between "direct" and "collateral" consequences of a guilty plea turns on "whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." Id.

Here, Petitioner's possible subsequent civil commitment as a sexually violent predator is a collateral consequence of his guilty plea, because such commitment would be pursuant to a separate state procedure which would not be an immediate, nor automatically-triggered consequence of his plea. See Jones v. Blake, No. 4:06 CV 402 ERW DDN, 2008 WL 4820788, at *5 (E.D. Mo. Nov. 5, 2008). Thus, the plea court was not required to inform Petitioner of this consequence. See George, 732 F.2d at 111 (holding no such requirement to advise defendant at his plea with regard to Nebraska's statute which required the commencement of mental health commitment proceedings when a mentally disordered sex offender is released from prison); Keene v. Ault, No. CO3-1041-MWB, 2005 WL 1177905, at *16 (N.D. Iowa May 16, 2005) (same with regard to Iowa's counterpart to Missouri's SVPA).

4

To the extent that Petitioner is claiming that he was denied the right to effective assistance of counsel due to counsel's failure to advise him, this claim also fails. Counsel only has an obligation to inform his client of the direct consequences of a guilty plea and has no duty to inform the client of collateral consequences of pleading guilty. Rankin v. Moore, No. 4:06CV256 CDP, 2006 WL 3231960, at *12 (E.D. Mo. Nov. 7, 2006); see also Keene, 2005 WL 1177905, at *16 (holding that habeas petitioner's plea counsel was not obligated to inform petitioner of the collateral consequences of his plea pursuant to Iowa's counterpart to Missouri's SVPA).

Petitioner cites a New Jersey case, State v. Bellamy, 835 A.2d 1231, 1239-40 (N.J. 2003), which held that civil commitment under that state's SVPA was neither penal nor direct, but that fundamental fairness required that a trial court, prior to accepting a guilty plea to a predicate offense under Act, must ensure that the defendant understands that, as result of his plea, there is possibility of future commitment, and that such commitment may be for an indefinite period, up to and including lifetime commitment. The ruling in Bellamy, however, does not constitute "clearly established Federal law, as determined by the Supreme Court of the United States," nor is it the law in the Eighth Circuit. Accordingly, the Court concludes that the state courts' adjudication of Petitioner's claim was reasonable in all regards, precluding federal habeas relief.

## **CONCLUSION**

The Court concludes that Petitioner is not entitled to federal habeas relief. Furthermore, the Court does not believe that reasonable jurists might find the Court's assessment of Petitioner's claim for habeas relief debatable or wrong, for purposes of

issuing a Certificate of Appealability under 28 U.S.C. §2254(d)(2). See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (setting forth the standard for issuing a Certificate of Appealability); Langley v. Norris, 465 F.3d 861, 862-63 (8th Cir. 2006) (same).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Timothy Klaus for a writ of habeas corpus relief is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not issue in this case.

An appropriate Judgment shall accompany this Memorandum and Order.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of February, 2009.